**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4071

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SEAN JAMES, a/k/a Stuffy,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief District Judge.  (CR-02-36)

Submitted:  September 30, 2003          Decided:  March 16, 2004

Before WILKINSON, LUTTIG, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen S. Murphy, LAW OFFICES OF S. SEAN MURPHY, L.C., Morgantown, West Virginia, for Appellant.  Thomas Edward Johnston, United States Attorney, Wheeling, West Virginia; Zelda Elizabeth Wesley, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sean James pled guilty to one count of distributing .67 grams of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) & (b)(1)(C) (West 1999 & Supp. 2003). The district court sentenced him to 151 months in prison. James' counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal. However, he raises the issues of whether the district court erred in attributing to James 150 to 500 grams of cocaine base as relevant conduct for sentencing purposes and whether the district court erred by denying counsel's motion to withdraw. Although notified of his right to do so, James has not filed a pro se supplemental brief. Finding no reversible error, we affirm.

James' plea agreement contained a waiver of his right to appeal his sentence. Whether a defendant validly waived his right to appeal is a question of law, which this court reviews de novo. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). A waiver of a defendant's right to appeal contained in a valid plea agreement is enforceable if it is "the result of a knowing and intelligent decision to forego the right to appeal." United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). We have reviewed James' plea agreement and the Fed. R. Crim. P. 11 hearing and conclude that he knowingly and intelligently waived his right

to appeal his sentence. Consequently, the valid appeal waiver precludes review of his sentencing issue.

James' appeal waiver does not bar review of his claim that the district court abused its discretion by denying counsel's motion to withdraw. In evaluating this issue, this Court must consider: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry; and (3) "whether the attorney/client conflict was so great that it resulted in total lack of communication preventing an adequate defense." United States v. DeTemple, 162 F.3d 279, 288 (4th Cir. 1998) (quotation marks and citation omitted); United States v. Johnson, 114 F.3d 435, 442 (4th Cir. 1997). Applying this standard to the facts of this case, we find no abuse of discretion.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm James' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>